IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,** <br> 1000 Massachusetts Ave., NW <br> Washington, DC 20001 <br><br> **Plaintiff,** <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE,** <br> 950 Pennsylvania Ave NW <br> Washington, D.C. 20530 <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff CATO INSTITUTE brings this suit to force Defendant DEPARTMENT OF JUSTICE to produce records of audits of the FBI's compliance or noncompliance with FISA Section 702. Congress will soon be deciding whether to reauthorize Section 702, which is set to otherwise expire on or about April 19, 2024, yet DOJ has still not released these records in response to Plaintiff's June 2023 request.

## PARTIES

2. Plaintiff CATO INSTITUTE ("CATO") is a nonprofit educational and public interest organization and is the FOIA requester in this case.

3. Defendant DEPARTMENT OF JUSTICE ("DOJ") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## JUNE 8, 2023 FOIA REQUEST TO DOJ

6. On June 8, 2023, Plaintiff submitted a FOIA request to DOJ for FISA Section 702 FBI query audits from January 1, 2021, to the date of the request.

7. A true and correct copy of the FOIA request is attached as Exhibit 1.

8. On August 30, 2023, DOJ sought clarification as to whether Cato was seeking only compliance letters or also the audit results themselves. CATO promptly stated that it sought the actual audit reports themselves, and asked DOJ to provide an estimated date of completion. DOJ did not respond to this message.

9. A true and correct copy of the email, along with subsequent correspondence, is attached as Exhibit 2.

10. On October 12, 2023, CATO asked DOJ to provide an estimated date of completion. *Id*. DOJ did not respond.

11. On January 29, 2024, CATO asked DOJ again to provide an estimated date of completion for the request. *Id*. On January 30, 2024, DOJ stated that it would "try to get some additional info and follow up." *Id*.

12. DOJ has not sent any further correspondence to Plaintiff regarding this request.

13. As of the date of this filing, DOJ has not issued a determination and has not produced any records.

14. FISA Section 702 is set to expire on or about April 19, 2024 unless Congress reauthorizes it.

15. The requested records would shed light on FBI's compliance or noncompliance with FISA Section 702.

16. Understanding the extent to which the FBI has or has not been complying with Section 702 is important to the public debate and debates in Congress about whether to reauthorize Section 702.

## COUNT I – DOJ'S FOIA VIOLATION

17. The above paragraphs are incorporated by reference.

18. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

19. Defendant DOJ is a federal agency subject to FOIA.

20. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

21. Defendant DOJ has failed to conduct a reasonable search for records responsive to the request.

22. Defendant DOJ has failed to issue a complete determination within the statutory deadline.

23. Defendant DOJ has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

　　i.　declare that Defendant has violated FOIA;

　　ii.　order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

　　iii.　enjoin Defendant from withholding non-exempt public records under FOIA;

　　iv.　award Plaintiffs attorneys' fees and costs; and

　　v.　award such other relief the Court considers appropriate.

Dated: February 8, 2024

                RESPECTFULLY SUBMITTED,

                */s/ Matthew V. Topic*

                Attorneys for Plaintiff
                CATO INSTITUTE

                Matthew Topic, D.C. Bar No. IL0037
                Stephen Stich Match, D.C. Bar No. MA0044
                Merrick Wayne, D.C. Bar No. IL0058
                LOEVY & LOEVY
                311 North Aberdeen, 3rd Floor
                Chicago, IL 60607
                312-243-5900
                foia@loevy.com