IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:24-cv-00378-TSC |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to the Court's March 18, 2024 Minute Entry, Plaintiff Cato Institute respectfully files this supplemental brief to bring the Court's attention to three developments that occurred after Plaintiff filed its reply brief and make an additional point about the relief sought in this motion.

First, as the undersigned mentioned at the hearing, Speaker Johnson told POLITICO that he planned to "run FISA as a standalone the week after Easter."[1] This plan "runs contrary to some fears that Johnson might attach a short-term extension of Section 702 to a government funding bill that leaders hope to clear next week."[2] Thus, it appears that, the week of April 8, the House will be voting on full-scale reauthorization of FISA Section 702 rather than a short-term extension.

Second, on March 15, 2024, 38 Members of the House wrote a bipartisan letter to Speaker Johnson and Democratic Leader Jeffries urging them to allow floor votes on FISA Section 702

---

[1] Jordain Carney and Olivia Beavers, *Johnson promises stand-alone spy powers vote in April*, *POLITICO* (Mar. 14, 2024), https://www.politico.com/live-updates/2024/03/14/congress/johnsons-easter-promise-on-spy-powers-00147135.
[2] *Id*.

and not to include Section 702 reauthorization as part of a "must pass" legislative vehicle.[3] This letter indicates a commitment on the part of many Members of Congress to substantively debate possible reforms of FISA Section 702 before a vote on reauthorization.

Third, on March 14, 2024, Senators Durbin and Lee introduced a bipartisan bill that would make several changes to FISA Section 702 querying standards. For instance, the Deputy Director of the FBI would be required to approve any query for "a United States elected official, an appointee of the President or the governor of a State, a United States political candidate, a United States political organization or a United States person prominent in such organization, or a United States media organization or a United States person who is a member of such organization."[4] This list provides a concrete example of how the responsive query audits could inform public debate. It largely derives from publicly available FISC Opinions, which detail examples of unlawful queries of many of the types of people on the list. *See, e.g.*, 2022 FISC Opinion at 29 (discussing unlawful query of "over 19,000 donors to a congressional campaign"); 2023 FISC Opinion at 86 (discussing unlawful queries of senators and a judge). In other words public disclosure of unlawful queries has directly influenced proposed congressional action. And, crucially, there is no reason to believe the FISC opinions are comprehensive as to the types of querying violations that have occurred. Thus, disclosure of the query audits would likely inform public debate as to any additional types of individuals who might warrant additional querying safeguards.

---

[3] Letter from Pramila Japayal, et al. to Mike Johnson and Hakeem Jeffries (Mar. 15, 2024), https://jayapal.house.gov/wp-content/uploads/2024/03/Letter_FISA_Floor_Vote_03_15_2024.pdf.

[4] A bill to amend the Foreign Intelligence Surveillance Act of 1978 to reform certain authorities and provide greater transparency and oversight, S. 3961, 118th Cong. § 101(b)(2) (2024), https://www.judiciary.senate.gov/imo/media/doc/HEN24217.pdf.

Finally, Plaintiff respectfully proposes an alternative remedy should the Court be inclined to grant partial injunctive relief. Since there is likely partial overlap between the FISC opinions and some of the query audits, the most time-sensitive documents are the query audits that postdate the filings in the publicly released FISC opinions. As best Plaintiff can tell, the most recent query notice cited in the 2023 FISC Opinion is dated October 14, 2022. *See* 2023 FISC Opinion at 87 n.53.[5] Thus, if the Court concludes that the query audits should be released but credits in part Defendant's argument that full disclosure by March 29, 2024 is impractical, Plaintiff proposes that the Court order Defendant to process all responsive query audits postdating October 14, 2022 by March 29, 2024, and the remainder by April 5, 2024. The April 5 deadline is critical because the House is scheduled to vote on Section 702 reauthorization the following week. For avoidance of doubt, Plaintiff disputes that Defendant has shown that full production by March 29, 2024 is impractical and contends that the Court should order a full production by that date.

Dated: March 19, 2024                                     Respectfully submitted,

*/s/ Stephen Stich Match*
Matt Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Jason Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com

*Counsel for Plaintiff*

---

[5] The 2023 FISC Opinion notes that the government submitted two subsequent query notices but stated that the information from them "is not included in this discussion." 2023 FISC Opinion at 84. Thus, they have not informed public debate. Further, Plaintiff is not aware of the precise relation between the query notices filed with the FISC and the responsive query audits, but presumed that they, too, have somewhat overlapping information.