UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 24-0378 (TSC) |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to the Court's March 15, 2024, Minute Entry, Defendant respectfully submits this Supplemental Memorandum to respond to arguments made in the Plaintiff's reply memorandum, ECF No. 11 ("Pl's Reply"), to which Defendant was unable to respond during the March 15, 2024, remote hearing due to issues with undersigned counsel's connectivity.

Plaintiff's likelihood-of-success-on-the-merits argument (*see* Pl.'s Reply at 2–6) relies on a misreading of *Judicial Watch, Inc. v. Department of Homeland Security*, 895 F.3d 770 (D.C. Cir. 2018). *Judicial Watch* does not hold that violation of any procedural requirement, including what Plaintiff calls the "prompt production requirement," necessarily constitutes a Freedom of Information Act ("FOIA") violation, especially not one that showed a likelihood of success with respect to ultimate relief—i.e., the release of requested records. Instead, *Judicial Watch* held that "persistent failure to adhere to FOIA's requirements" could state a policy or practice claim. *Id.* at 780. If Plaintiff's reading were correct, *Judicial Watch* would have silently overruled the holding in *Citizens for Responsibility & Ethics in Washington* (*"CREW"*) *v. FEC*, 711 F.3d 188, 189 (D.C. Cir. 2018): "If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from

getting into court." Plaintiff also misreads *CREW* for the proposition that agencies must promptly produce records "after the determination deadline." Pl's Reply at 3–4. *CREW*, 711 F.3d at 189, states that the production should occur "typically ... within days or a few weeks of a 'determination'"—not the date on which a determination was expected.

With respect to their irreparable injury argument, Plaintiff relies heavily on *Electronic Frontier Foundation v. Office of the Director of National Intelligence*, Civ. A. No. 07-5278, 2007 WL 4208311 (N.D. Cal. Nov. 27, 2007), and *American Oversight v. Department of State*, 414 F. Supp. 3d 182 (D.D.C. 2019). Both of those cases are distinguishable from the factual circumstances in this case, and only serve to further underline Plaintiff's failure in this case to seek expedited processing, to make Defendant aware of its need for the records by a specific time, and to move for a preliminary injunction promptly upon the recognition of a purported fixed deadline. In *Electronic Frontier Foundation*—an out-of-Circuit district court case decided more than a decade before the D.C. Circuit's controlling decision in *CREW*—plaintiff moved for a preliminary injunction less than two months after filing the two requests (for which expedited processing was requested), *see Elec. Frontier Found.*, Civ. A. No. 07-5278, ECF No. 6 (Mot. Prelim. Inj.) at 15, and the ultimate relief cut short processing by a mere twenty-one days, *see Elec. Frontier Found.*, 2007 WL 4208311, at *3, *8 (Defendant anticipated processing would be complete by December 31, 2007, and the Court ordered processing would be complete by December 10, 2007).

In *American Oversight*, Plaintiff requested expedited treatment on September 20, 2019, an impeachment inquiry opened on September 24, 2019, Plaintiff filed suit on October 1, 2019, and then Plaintiff filed for a preliminary injunction on October 4, 2019. *See* 4–5, *Am. Oversight*, Civ. A. No. 19-2934 (D.D.C. Oct. 4, 2019), ECF No. 4-1 (Mot. Prelim. Inj.) at 1. By contrast, here, Plaintiff knew that Section 702 of the Foreign Intelligence Surveillance

Act was set to expire when it filed its requests, did not request expedited processing, and belatedly seeks to cut short processing by several months.

Plaintiff has argued it was worried about filing the preliminary injunction motion too early because it claimed to lack the necessary information to know that processing of classified records would be slow and because "it was clear to experienced congressional onlookers" like Plaintiff's declarant that the December 31, 2023, deadline to reauthorize Section 702 was not the final deadline.  Reply at 13–14, 17–18.  The latter statement conflicts, at least in part, with Plaintiff's declarant's public assertion on December 5, 2023: "At present, the House and Senate are scheduled to leave DC by December 15—sixteen days before Section 702 is set to expire.  Which reform proposal will become law, if any, is at this point anybody's guess."  Patrick G. Eddington, *FISA Reform: Dueling Proposals, Ticking Clock*, Cato Inst. (Dec. 5, 2023), https://www.cato.org/blog/fisa-reform-dueling-proposalsticking-clock; *see also* Patrick G. Eddington, *The FY2024 National Defense Authorization Act: Another 'Surveillance Hawk' Triumph*, Cato Inst. (July 17, 2023), https://www.cato.org/commentary/fy-2024-national-defense-authorization-act-another-surveillance-hawk-triumph ("It is still possible that a stand-alone FISA Section 702 reform bill will be introduced before its December 31, 2023 expiration deadline.").  Moreover, none of this explains Plaintiff's failure to seek expedited treatment before the FBI before bothering this Court with a request for expedited, mandatory, provisional relief through its motion for a preliminary injunction.

\* \* \*

## CONCLUSION

For the reasons discussed in Defendant's opposition to the motion for preliminary injunction and at the hearing, the Court should deny Plaintiff's motion for a preliminary injunction.

Dated: March 19, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  /s/ Brian J. Levy
    BRIAN J. LEVY
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-6734

*Attorneys for the United States of America*